**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**SHAMAR BRADLEY**                                                                 **PLAINTIFF**

**VS.**                                                                 **CAUSE NO. 3:21CV212-MPM-RP**
                                                                 **Consolidated with**
                                                                 **CAUSE NO. 3:21CV213-MPM-RP**

**STATE OF MISSISSIPPI, COUNTY OF LAFAYETTE,**
**and CITY OF OXFORD**                                                                 **DEFENDANTS**

## ORDER

Between January 7 and January 21 of this year, three motions for judgment on the pleadings and/or for summary judgment were filed by the defendants in the above-entitled action. In spite of having had almost seven months to submit a response to these motions, the *pro se* plaintiff Shamar Bradley has failed to file such a response or to seek additional time to do so. Having considered the arguments before it, this court concludes that the motions to dismiss are well taken and should be granted.

This case arises from the fact that the Lafayette County Sheriff's Department arrested Plaintiff on March 6, 2012, pursuant to an arrest warrant issued after a grand jury returned an indictment against him for sexually assaulting and kidnapping his then-girlfriend. Plaintiff is now suing the County, along with the City of Oxford and the State of Mississippi, for allegedly falsely arresting and/or imprisoning him so many years ago. However, in so doing, plaintiff faces, *inter*

*alia*, improper pleading and statute of limitations defenses as to which he has, once again, failed to submit a response.

Unfortunately, the lengthy period of time which plaintiff took in filing this action did not result in a well-drafted complaint. To the contrary, defendants argue, and this court agrees, that the complaint in this case is a quintessential "shotgun" complaint which makes blanket allegations against "defendants" without specifying exactly which wrongful actions each is alleged to have committed. This is clearly improper. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule is violated when the complaint commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Thomas v. Univ. of Miss.,* 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018) (J. Davidson) (*quoting Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

"Another characteristic of shotgun pleadings is that they fail to distinguish between the actions of named defendants." *Copeland v. Axion Mortg. Grp. LLC*, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) (J. Ozerden). Such a complaint requires dismissal pursuant to Rule 12. *Thomas*, supra at *6 (*citing*

*Copeland*, supra at *4). In its motion to dismiss, the County of Lafayette argues that:

> Here, the Amended Complaint [D.E. #7] brings what appear to be seven claims allegedly occurring at various times over an almost 10-year period against three distinct Defendants. Yet, Paragraph 2 [D.E. #7, p.1) is only place in which Plaintiff alleges any facts unique to each Defendant, where each may be served. The Amended Complaint [D.E #7] is a quintessential "shotgun pleading," and the Federal Rules dictate that dismissal is thus appropriate.

[Brief at 8]. This court agrees with defendants that plaintiff's complaint is fundamentally defective, and this defective nature makes it exceedingly difficult for them to even respond when it is not clear exactly what each is alleged to have done wrong.

This court notes that, this fundamental defect aside, each defendant raises what it regards as meritorious defenses to the complaint. For its part, the State of Mississippi correctly argues that Plaintiff's claims against it are barred by sovereign immunity and/or Eleventh Amendment immunity, thereby depriving this court of subject matter jurisdiction over any such claims. Indeed, the Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

Although the terms of the Eleventh Amendment nominally apply only to suits by "citizens of another State," Supreme Court decisions have made clear that a State's immunity encompasses "suits by citizens against their own states." *See Board of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 345, 363 (1956)(citations omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). In light of this authority, this court lacks jurisdiction over plaintiff's claims for monetary damages against the State of Mississippi, and those claims are due to be dismissed. This applies equally to any state law claims, as to which the Mississippi Legislature has expressly declined to waive its Eleventh Amendment immunity. *See* Miss. Code Ann. § 11-46-5(4) ("[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States").

For their part, the City of Oxford and Lafayette County raise a number of defenses to plaintiff's claims, including the previously-noted statute of limitations defense. This court finds defendants' arguments in this regard persuasive. Indeed, it is clear that plaintiff's federal false arrest and/or imprisonment claims may only be brought pursuant to 42 U.S.C. § 1983. It is further plain that any such § 1983 claims are subject to Mississippi's general three-year statute of limitations set forth in Miss. Code Ann. § 15-1-49. *See Wilson v. Garcia*, 471 U.S. 261

(1985)(providing for the borrowing of a state's general statute of limitations in §
1983 cases).

It is likewise well-settled that "[t]he statute of limitations upon a § 1983
claim seeking damages for a false arrest in violation of the Fourth Amendment
begins to run at the time the claimant becomes detained pursuant to legal process."
*Wallace v. Kato*, 549 U.S. 384, 397 (2007).   In its motion to dismiss, the County
argues, based on *Wallace*, that plaintiff's false arrest and/or imprisonment claims
accrued on March 6, 2012, and it thus contends that the statute of limitations on
those claims ran on March 6, 2015.  *Wallace* does, in fact, appear to represent very
helpful authority for defendants in this context, and, based upon the briefing before
it, this court has no basis upon which it might disagree with their arguments.

Statute of limitations issues aside, the municipal defendants raise a number
of other defenses which, once again, plaintiff has not attempted to rebut and which
this court finds to be meritorious.  Perhaps most significantly, the municipal
defendants correctly note that the complaint fails to allege that a municipal "policy
or custom" caused plaintiff's injuries, as required by *Monell v. Department of Soc.
Svcs.,* 436 U.S. 658 (1978) and its progeny.  For example, the City of Oxford
argues in its brief that:

> Even if Bradley had plausibly alleged a constitutional violation by the City,
> that still would not be enough to hold it liable.  There must be "something
> more" to impose liability on the municipality, i.e. a demonstration that the

constitutional violation occurred because of a municipal policy or custom. Bradley has done nothing here to plausibly plead municipal liability. While plaintiffs "need not offer proof of [their] allegations at th[e] [pleading] stage, [they] still must plead facts that plausibly support each element of § 1983 municipal liability" against the City. *See Pena v. City of Rio Grande City*, 879 F.3d at 613, 621 (5th Cir. 2018). Those elements include (1) the existence of an official policy, (2) which was promulgated by a final policymaker, (3) that was the "moving force" behind the alleged constitutional violation. *Id.* Nowhere in the complaint does Bradley identify an official policy promulgated by an official policymaker.

[Brief at 5-6].

This court agrees, and it concludes that plaintiff fails to allege valid federal law claims against the municipal defendants under *Monell*. Plaintiff's state law claims fare no better, since both municipal defendants assert that plaintiff provided them with no notice of claim under the Mississippi Tort Claims Act, as required by Miss. Code Ann. § 11-46-11(1). This court has no reason to doubt the representations of the municipal defendants in this regard, and, once again, plaintiff has failed to respond to their arguments at all. Both municipal defendants provide additional (and meritorious) substantive and procedural arguments in favor of their motions, but this court regards these as cumulative grounds for dismissal which it is unnecessary for it to discuss here.

While this court is aware that it is improper to grant a motion to dismiss simply because no response has been filed, this does not mean that it should reject valid defenses raised by defendants based upon the mere possibility that plaintiff might later choose to try to prosecute this lawsuit in the manner expected of federal

litigants.  Indeed, this court concludes that the sheer length of time in which plaintiff has failed to respond to the pending motions represents, by itself, a failure to prosecute this action in the manner which it expects of litigants in cases before it.  Moreover, while this court is frequently willing to excuse a lack of legal expertise on the part of *pro se* plaintiffs, it is much less willing to excuse a simple lack or effort on their part.  Based upon the briefing before it, this court concludes that defendants' motions to dismiss have merit, and those motions will therefore be granted.

In light of the foregoing, defendants' motion for summary judgment is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58. This, the 3rd day of August, 2022.

/s/ Michael P. Mills_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI